IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOCIMAR MARTINS DE SOUZA, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHARLY'S SHOP, LLC and CARLOS VARGAS, <br><br> Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT <br><br><br> Case No. 2:20-CV-364 TS-JCB |

Plaintiff filed a Motion for Entry of Default under Federal Rule of Civil Procedure 55(a) based on Defendants' failure to provide their pretrial disclosures under Rule 26(a)(3).[1] Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." At the time Plaintiff filed his motion, Defendants had answered the complaint,[2] filed a motion to dismiss,[3] and stipulated to numerous amendments to the scheduling order.[4] This is more than sufficient to show intent to defend and the motion for entry of default will accordingly be denied.

Plaintiff urges the court to apply Federal Rule of Civil Procedure 37(c)(1), under which a party who fails to provide information or identify a witness as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

---

[1] Docket No. 32.

[2] Docket No. 9.

[3] Docket No. 10. Defendants later withdrew the motion. Docket No. 11.

[4] Docket Nos. 18, 20, 23, 25, 27.

1

trial, unless the failure was substantially justified or is harmless." Plaintiff argues that because Defendants failed to provide any pretrial disclosures, they will not be able to present any evidence at trial, so Plaintiff is entitled to judgment in his favor. Such an argument is not properly one for entry of default under Rule 55(a) but for sanctions under Rule 37(c)(1) for Defendants' failure to timely provide their final pretrial disclosures.[5]

The determination of whether a Rule 26(a) violation is "substantially justified or harmless" under Rule 37(c)(1) is entrusted to the district court's broad discretion, but courts must consider four factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[6] If the exclusion of evidence effectively terminates a cause of action, a court must consider the efficacy of lesser sanctions and may exclude the evidence only when aggravating factors like bad faith or willfulness "outweigh the judicial system's strong predisposition to resolve cases on their merits."[7]

Here, the failure to provide pretrial disclosures by the deadline was substantially justified or harmless. The court has vacated the pretrial conference and trial dates pending resolution of this motion. Defense counsel indicates that Defendant Vargas has been battling severe cancer and other health issues and has been in Mexico receiving treatment, making communication extremely

---

[5] *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) and (c)(1)(C) (permitting entry of default judgment as a sanction for failing to provide information required by Rule 26(a)).

[6] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[7] *Id.* at 1204 (internal quotation marks and citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (setting out factors to consider before imposing dismissal as a sanction).

difficult. However, Vargas has now contacted his counsel, expressed his desire to continue the litigation, and assisted in preparing pretrial disclosures, which counsel assures the court will be provided to opposing counsel. Thus, (1) there will be no prejudice or surprise to Plaintiff at trial, (2) there is no prejudice to cure, and (3) there will be no disruption to trial by introduction of Defendants' evidence. Furthermore, (4) there is no evidence that Defendants acted in bad faith or willfully. Accordingly, the court will not impose sanctions at this time. The court does warn Defendants that failure to provide pretrial disclosures by the deadline below may result in sanctions up to and including entry of default judgment.

In his reply, Plaintiff requests attorney's fees incurred on this motion. Under DUCivR 7-1(b)(1)(A), a motion may not be made in a response or reply memorandum but must be made in a separate document. Therefore, the court will not address the current request.

It is therefore ORDERED that Plaintiff's Motion for Entry of Default (Docket No. 32) is DENIED.

It is FURTHER ORDERED that Defendants shall have thirty (30) days to provide pretrial disclosures. The Court will re-set the trial and final pretrial conference dates by separate notice.

DATED this 28th day of July, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge