IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOCIMAR MARTINS DE SOUZA, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHARLY'S SHOP, LLC, a Utah limited liability company, and CARLOS VARGAS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FOR ENTRY OF DEFAULT JUDGMENT<br><br>Case Number 2:20-CV-364-TS-JCB<br><br>District Judge Ted Stewart |

I. BACKGROUND

On June 12, 2020, Plaintiff Jocimar Martins De Souza, Jr. sued Charly's Shop, LLC and its owner, Carlos Vargas (collectively "Defendants") for breach of contract and violations of state and federal employment laws.[1] Defendants filed their answer on August 27, 2020.[2]

During discovery, the parties stipulated to extensions of various deadlines,[3] allegedly due to communication problems between Vargas and his counsel caused by Vargas' poor health.[4] On July 19, 2021, Plaintiff moved for a default judgment against Defendants on the basis that Defendants had failed to produce pretrial disclosures by the deadline in the court's amended scheduling order.[5] The court ordered Defendants to respond to the motion by July 21, 2021.[6] On

---

[1] Compl., Docket No. 2.

[2] Docket No. 9.

[3] Docket Nos. 18, 23, 25.

[4] Docket No. 36 at 2.

[5] Docket No. 32.

[6] Docket No. 34.

July 22, 2021, counsel for Defendants informed the court that Vargas had been in Mexico receiving treatment for serious medical problems, making communication difficult despite counsel's diligent efforts.[7] After several attempts, Counsel finally spoke with Vargas, who expressed a desire to proceed to trial.[8] The court denied the motion for entry of default on July 28, 2021.[9] After consulting with counsel at a hearing of October 19, 2021, the court set a final pretrial conference for December 1, 2021 at 9:00 a.m. and scheduled a two-day bench trial to begin on December 15, 2021.[10]

On October 25, 2021, counsel for Defendants requested permission to withdraw.[11] Counsel explained that Vargas had ceased communication and had not paid his legal fees.[12] In accordance with the civil local rules, counsel included the following notices:

> In accordance with DUCivR 83-1.4(c)(1)(A)(iii) notice is hereby given that if the motion is granted and no Notice of Substitution of Counsel has been filed, the Defendants must file a Notice of Appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court.
>
> In accordance with DUCivR 83-1.4(c)(1)(A)(iv) notice is hereby given that no corporation, association, partnership, limited liability company, or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court.
>
> In accordance with DUCivR 83-1.4(c)(1)(A)(v) Defendants' Counsel certifies that this Motion to Withdraw as Counsel for Defendants was sent to the Defendants and all parties.[13]

Magistrate Judge Jared C. Bennett granted counsel's motion to withdraw on October 26, 2021.[14]

---

[7] Docket No. 36.

[8] *Id.*

[9] Docket No. 38.

[10] Docket No. 44.

[11] Docket No. 46.

[12] *Id.* at 1–2.

[13] *Id.* at 2.

[14] Docket No. 47.

On November 16, 2021, Vargas filed several documents with the court.[15] Vargas indicated that he had been hospitalized and had not received notice of counsel's withdrawal until November 4, 2021.[16] Liberally construed, Vargas' filings requested that the court appoint legal counsel for Defendants or allow Vargas to proceed on behalf of himself and Charly's Shop.[17]

On November 17, 2021, the court entered an order explaining that a court may, in its discretion, request an attorney to represent a person unable to afford counsel.[18] The court continued:

> The court has serious concerns about Vargas' ability to defend himself. Vargas does not appear to speak English fluently and has severe, ongoing health concerns, both of which would impact his ability to competently represent himself. However, Vargas has submitted no financial information showing that he is indigent or otherwise unable to pay for an attorney. If Vargas wishes the court to further consider the request to appoint an attorney, he must submit within seven (7) days of this Order a completed Motion to Proceed *In Forma Pauperis* (Nonincarcerated Party), available from the Clerk's office, so the court may evaluate his financial circumstances. Alternatively, if Vargas wishes to retain his own counsel he must do so before the pretrial conference on December 1, 2021.
>
> Vargas may not represent Charly's Shop, which must be represented by an attorney and is not eligible for *in forma pauperis* status. Accordingly, Charly's Shop must retain an attorney before the pretrial conference on December 1, 2021.[19]

The court warned that failure to retain counsel before the pretrial conference could result in a default judgment against any unrepresented Defendant.[20] The court included with its order a

---

[15] Docket No. 48.

[16] Docket No. 48-1 at 1.

[17] Docket No. 48.

[18] Docket No. 50 at 1 (citing 28 U.S.C. § 1915(e)(1)).

[19] *Id.* at 2.

[20] *Id.* at 3.

3

blank copy of the form "Motion to Proceed In Forma Pauperis (Nonincarcerated Party)."[21] Defendants failed to comply with this order or respond to it in any way.

On November 29, 2021, the court issued a Trial Order reminding the parties of the final pretrial conference on December 1, 2021 at 9:00 a.m., stating that "[a]ny party that believes an extension of time is necessary **must** make an appropriate motion to the court."[22]

The court held a final pretrial conference as planned on December 1, 2021.[23] Neither Vargas nor any representative for Defendants appeared.[24] Plaintiff's counsel indicated that it had recently communicated with Vargas about the conference.[25] The court stated that it would enter an order of default based on the Defendants' non-appearance and lack of response to the court's prior order and ordered Plaintiff to file a declaration regarding damages.[26]

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f)(1) states:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
    (A) fails to appear at a scheduling or other pretrial conference;
    (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
    (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(vi) referenced in Rule 16(f)(1) allows the court to render a default judgment as a sanction.

---

[21] Docket No. 50-1.

[22] Docket No. 51 at 1.

[23] Docket No. 52.

[24] *Id.*

[25] *Id.*

[26] *Id.*

"[F]inal disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[27] A court considering imposing dispositive sanctions should consider (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[28] These factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[29]

1. *Degree of actual prejudice to Plaintiff.*

Plaintiff has been prejudiced by Defendants' failure to appear and properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[30] Defendants have caused several delays throughout the litigation, hampering Plaintiff's ability to obtain resolution of his complaint and causing him to expend further resources. This factor weighs in favor of default judgment.

---

[27] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[28] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[29] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[30] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that delay "would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

*2. Amount of interference with the judicial process.*

Defendants' actions have interfered with the judicial process to the point that the case cannot proceed. Defendant Charly's Shop is unrepresented and so may not proceed to trial. Vargas is also unrepresented; he did not appear on behalf of himself or respond to the November 17, 2021 order in any way.  The court has no confidence that Vargas will properly participate in the judicial process in the future. This factor weighs in favor of default judgment.

*3. Litigant's culpability.*

Dispositive sanctions are drastic sanctions, but willful misconduct weighs in their favor.[31] A "willful failure" means "any intentional failure as distinguished from involuntary noncompliance."[32] Vargas appears to be suffering extreme health challenges that interfere with his ability to defend this case, and he may not have understood these proceedings in full given that he does not appear to be a native English speaker. The court therefore refrains from making any finding of willfulness at this time and gives this factor no weight.

*4. Whether litigant was warned that default judgment was likely sanction.*

The court warned Defendants that default judgment could result from failure to follow its November 17, 2021 order. Prior counsel had previously notified Vargas that he must file a Notice of Appearance within twenty-one days of counsel's withdrawal and that Charly's Shop must be represented by an attorney. This factor weighs in favor of default judgment.

*5. Efficacy of lesser sanctions.*

Any lesser sanctions would be inadequate. Given the circumstances, it is impossible for the litigation to proceed. Defendant Charly's Shop may not proceed because it is unrepresented.

---

[31] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (unpublished) (citing *Ehrenhaus*, 965 F.2d at 920).

[32] *Id.* (internal quotation marks and citation omitted).

Vargas failed to respond to the court's order and failed to appear at the pretrial conference, missed deadlines and caused delays throughout the litigation, and gave the court no reason to believe the situation will improve. This factor weighs in favor of default judgment.

Considering the factors above, the Court finds that default judgment is appropriate.

### III. CONCLUSION

It is therefore

ORDERED that default judgment is entered against Defendants. Final judgment will be entered by separate order.

DATED this 6th day of December, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge